[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action for dissolution of marriage was commenced in early 1990 when both parties were residing with their children within the State of Connecticut. During the pendency of the action, after certain financial reverses, both parties removed themselves CT Page 9517 from the State of Connecticut. The children resided in the States of Florida and Colorado with one of the parties respectively. After a certain period of time the matter was claimed for pretrial; thereafter, the Court accommodated counsel so that the plaintiff could travel to Connecticut for dissolution purposes. Because the children had been living outside the State of Connecticut for more than six months, and because neither party was pressing for a custody determination in Connecticut, the matter was scheduled for a perfunctory hearing on the issue of dissolution. Insofar as the defendant had indicated through counsel that he would not appear, the plaintiff testified on March 20, 1991 as to the cause of the breakdown, a brief history of the acquisition of marital property and present financial circumstances the parties. The court entered a decree on that date dissolving the marriage.
Furthermore, the court entered an order of joint custody without prejudice so that the plaintiff would be able to get access to school records and medical records that might still be extant within the State of Connecticut. The court indicated that there would have to be an interstate study done between the States of Colorado and Florida pursuant to any claim of custody that might be more appropriately made an those jurisdictions. Custody of the minor children was a "fait accompli", and not an issue in the hearing before this court. The court indicated that there might be some assistance by the Family Services Division of the Superior Court in this jurisdiction; however, the issue of custody is not appropriate to this jurisdiction, but rather to the jurisdictions where the children are presently making their home. After a hearing, the file was retained by the Clerk's office and not delivered to this Court until sometime in September of 1991. Thereafter, the court received an ex parte communication dated October 8, 1991 with respect to the orders of this court. A transcript was ordered to assist the court based upon the delay and the retention of limited notes on the matter.
The parties were married on January 21, 1972 at Bethesda, Maryland and have had three children issue of this marriage. The plaintiff was nineteen (19) at the time of the marriage, the defendant was twenty-one (21). The plaintiff is a high school graduate with some college courses and has essentially worked in clerical positions or customer service positions. The defendant began his career as a medical technologist, went into sales and then became employed by IBM, NYNEX in Atlanta and then Unisys, engaging in analytical equipment sales. The couple came to Connecticut from the New York office of Unisys and over the years his income increased to a level of approximately Eighty Thousand ($80,000) Dollars per year prior to the couple's separation. CT Page 9518
The plaintiff remained at home until her second child was in school and maintained part time jobs while the children were beginning school. When all three children were in school full time, it had been the decision of the parties in terms of their children, that Mrs. Fox would remain at home most of the time to tend to their needs as well as the needs of the home and family. Shortly, after their separation, Mr. Fox moved to Colorado and the parties ceased effective communication.
The breakdown of the marriage was clear from the evidence presented.
Insofar as the court is again in possession of the file and has secured a transcript of the proceedings, the court will enter the following orders:
1. The court will find an arrearage of child support effective March 18, 1991 in the amount of Six Thousand ($6,000) Dollars.
2. The court will award rehabilitative alimony to the plaintiff from the defendant husband in the amount of Fifteen Thousand Six Hundred ($15,600) Dollars, payable at the rate of $100.00 per week for a period of three years. That payment of alimony is non-modifiable as to term or amount,
3. The court will award attorneys fees on behalf of the plaintiff in the amount of Six Thousand ($6,000) Dollars.
4. The defendant is to maintain life insurance and name the children as irrevocable beneficiaries of that insurance. The life insurance requirement of this order is any life insurance to the maximum amount allowable as provided to him at reasonable cost through his employment.
5. The defendant is to maintain medical and health related insurance for the minor children to the maximum age as provided in any policy available to him through the course of his employment. If, in fact medical insurance is not available to him through his employment and the plaintiff is not able to provide medical insurance through her place of employment, then the defendant shall at his own expense provide medical insurance for the benefit of the minor children.
6. The defendant is ordered to provide copies of all medical and immunization records for the minor children in his possession to the wife within thirty (30) days.
7. The defendant shall reimburse the plaintiff in the amount of Five Hundred ($500.00) dollars toward Matthew's medical CT Page 9519 expenses.
8. The defendant shall pay all of the debts on his financial affidavit and hold the wife harmless therefrom. To the extent of securing the hold harmless, the defendant shall pay to the plaintiff wife the sum of One Dollar ($1.00) per year as alimony for the sole purpose of securing that order.
9. The defendant shall pay to the plaintiff the sum of Two Hundred Eighty-Two Dollars and Ninety-Two Cents ($282.92) representing a water bill which he was ordered to pay as well as a reimbursement for a medical insurance payment in the amount of Three Hundred and Three Dollars and Sixty Cents ($303.60). Those sums are to be paid within thirty (30) days.
10. The defendant retired certain pension funds from a NYNEX account in contravention of an order of this court dated January 29, 1990. The defendant shall pay over as a lump sum property distribution to the plaintiff the sum of Three Thousand Five Hundred ($3,500) Dollars representing approximately one half of the net proceeds which were paid to him in contempt of the court's order.
Judgment shall enter in accordance with this memorandum of decision.
Dranginis, J.